Karine KHOUDIKIAN, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 02–72626, A74–800–421. Agency No. A74–800–421.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2005.**

Decided March 15, 2005.

Karine Khoudikian, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Francis W. Fraser, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before T.G. NELSON, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM ***

Karine Khoudikian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA")

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

summary affirmance of an immigration judge's ("IJ") denial of her application for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

█ Substantial evidence supports the IJ's decision. Khoudikian's testimony was inconsistent and contradictory regarding whether she was physically abused after the May 1994 political meeting, whether she actually gave a political speech, and with which party she was affiliated. *See Mejia Paiz v. INS*, 111 F.3d 720, 724 (9th Cir.1997). In most instances Khoudikian failed to give any explanation for her contradictory statements. Moreover, she failed to produce any documentary evidence of affiliation with any political party in Armenia, despite the fact that she stated such evidence was available and could be easily obtained. *See Sidhu v. INS*, 220 F.3d 1085, 1091–92 (9th Cir.2000).

█ Because Khoudikian failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of deportation. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Khoudikian's contention that the BIA's summary affirmance is a violation of due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir. 2003). We need not consider separately whether the BIA erred by streamlining

petitioner's case because substantial evidence supports the IJ's denial of petitioner's application for relief. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078–79 (9th Cir.2004) (explaining that the merits determination and decision to streamline ordinarily collapse into one another).

█ We decline to address Khoudikian's CAT claim because she did not exhaust her administrative remedies. *See Ortiz v. INS*, 179 F.3d 1148, 1152–53 (9th Cir. 1999).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004), petitioner's voluntary departure period will begin to run on issuance of this court's mandate.

PETITION FOR REVIEW DENIED.